**In re John B. FAYOLLE,**

**In re Riverbank Landscape, Ltd.,**

**In re Aristocratic Coach Corp.**

**Authentic Hansom Cabs, Ltd., Plaintiff–Appellant,**

**v.**

**Alan Nisselson, Trustee for the Chapter 11 Estate of John Fayolle and Riverbank Landscape, Ltd., Frank Sinatra, Trustee for the Chapter 11 Estate of Aristocratic Coach Corp., Anchor Paper Stock Co., Inc., And 504 West 38 L.L.C., Defendants–Appellees.**

**Nos. 05–0511BK(L), 05–0672–BL(CON).**

United States Court of Appeals, Second Circuit.

Nov. 15, 2005.

Richard J. Pilson, Berliner & Pilson, New York, NY, for Appellant.

Ronald S. Greenberg, Kramer Levin Naftalis & Frankel LLP, New York, NY, for Defendant–Appellee 504 West 38 L.L.C.

Leslie S. Barr, Brauner Baron Rosenzweig & Klein LLP, New York, NY, for Defendant–Appellee Alan Nisselson, Trustee for the Chapter 11 Estate of John Fayolle and Riverbank Landscape, Ltd.

Robert J. Bergson, Abrams Garfinkel Margolis Bergson, LLP, New York, NY, for Defendant–Appellee Anchor Paper Stock Co., Inc.

Peter A. Zisser, Holland & Knight LLP, New York, NY, for Defendant–Appellee Frank Sinatra, Trustee for the Chapter 11 Estate of Aristocratic Coach Corp.

Present: Jon O. NEWMAN, José A. CABRANES and Peter W. HALL, Circuit Judges.

**UPON CONSIDERATION WHERE-OF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Authentic Hansom Cabs, Ltd. ("Authentic") appeals from (1) a December 22, 2004 Memorandum Decision and Order of the District Court which affirmed a September 2, 2003 Decision and Order of the Bankruptcy Court (Robert D. Drain, *Judge*), and (2) the District Court's December 29, 2004 Order denying plaintiff's motion for injunctive relief pending the outcome of this appeal. We assume the parties' familiarity with the facts and procedural background of this case.

We consider here whether the District Court correctly affirmed the Bankruptcy Court's judgment that Authentic's sublease (as well as its purchase option) for a building at West 38th Street in Manhattan was properly terminated by the trustees of John B. Fayolle's estate in July 2002 as a result of Authentic's default on rent payments and other financial obligations. Because the facts in this case are essentially undisputed, we review the District Court's legal conclusions *de novo*. *See, e.g., United States v. Domino Sugar Corp.*, 349 F.3d 84, 86 (2d Cir.2003).

Substantially for the reasons stated by the District Court in its comprehensive opinion, we hold that plaintiff waived all arguments not presented in the proceeding before the Bankruptcy Court, including its novel assertions on appeal (1) that Section 17(2) of the "Overlease Agreement" between Fayolle and Anchor Paper Stock Co. ("Anchor"), which specifies the penalties for default, was not incorporated by reference into the sublease agreement, (2) that its sublease was not properly terminated due to the absence of "a summary non-payment proceeding with its attendant statutory cure period," Pl.'s Br. at 27, and (3) that termination was improper because plaintiff had been in actual possession of the property prior to termination.

With respect to plaintiff's claim that the July 25, 2002 letter of termination failed to provide adequate notice, we agree with the District Court that, even if plaintiff did not forfeit its right to notice of termination, the letter was not defective inasmuch as it "indicated that the termination was for failure to timely pay rent, cited the specific provision of the lease claimed to be violated, and provided the date the lease would be terminated."

Finally, we hold that the District Court did not err in denying plaintiff's request for a stay pending the outcome of this appeal.

\*      \*      \*      \*      \*      \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED.**